UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-2,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL P. VITTI,<br>　　　　Defendant. | No. 3:21-cv-1221 (SRU) |

## ORDER AND RULING ON MOTION TO REMAND

HSBC Bank USA, National Association as Trustee for Opteum Mortgage Acceptance Corporation Asset-Backed Pass-Through Certificates Series 2005-2 ("HSBC"), commenced a foreclosure action against Michael P. Vitti ("Vitti") in Connecticut Superior Court on January 21, 2014.[1] Following a labyrinthine course of proceedings in state and federal bankruptcy courts, Vitti removed this case to federal court on September 14, 2021. Notice of Removal, Doc. No. 1, at 1; *see also HSBC Bank USA, Nat'l Ass'n for Opteum Mortg. Acceptance Corp., Asset-Backed Pass-Through Certificates, Series 2005-2 v. Vitti*, Docket No. FST-CV-14-6021383-S (Conn. Super. Ct.) (initiated in 2014); *In re: Michael Peter Vitti*, Docket No. 5:17-BK-50742 (Bankr. D. Conn.) (initiated in 2017); *In re: Michael Peter Vitti*, Docket No. 5:18-BK-51210 (Bankr. D. Conn.) (initiated in 2018). HSBC thereafter timely filed the instant motion to remand

---

[1] I may take judicial notice of "relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Here, I take judicial notice of the fact that HSBC's complaint in the state court proceeding is dated January 21, 2014 and that service was effectuated that same day. *See HSBC Bank USA, Nat'l Ass'n for Opteum Mortg. Acceptance Corp., Asset-Backed Pass-Through Certificates, Series 2005-2 v. Vitti*, Docket No. FST-CV-14-6021383-S (Conn. Super. Ct.), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV146021383S.

this case to state court.  Doc. No. 6.  Because this Court lacks jurisdiction and Vitti's notice of removal was untimely, HSBC's Motion for Remand, Doc. No. 6, is **granted**.

**I.   Discussion**

   A.  Motion to Remand

HSBC moves to remand this case to state superior court, arguing that (1) this Court lacks subject matter jurisdiction; (2) the notice of removal is untimely; and (3) that removal violates the *Rooker-Feldman* doctrine.  *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  I agree that this Court lacks subject matter jurisdiction and that this action was removed well outside of the time limits imposed by 28 U.S.C. § 1446(b).  Because I find that this Court lacks subject matter jurisdiction, I decline to reach HSBC's *Rooker-Feldman* argument.

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation omitted).  "The federal removal statute allows a defendant to remove an action to the United States District Court in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1441(a)).  The party seeking removal bears the burden of establishing federal jurisdiction.  *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  "However, '[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'"  *Purdue Pharma L.P.*, 704 F.3d at 213 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

1. *This Court Lacks Subject Matter Jurisdiction*

    a. Diversity Jurisdiction

Vitti asserts that the elements of diversity jurisdiction are satisfied because the parties are citizens of different states and the value of his property exceeds $75,000. Notice of Removal, Doc. No. 1, at 12. Nevertheless, HSBC argues that Vitti may not remove this case to federal court on the basis of diversity as a matter of law. HSBC's Mem. of Law, Doc. No. 6-1, at 7. HSBC is right.

Even if the requirements for diversity jurisdiction have been met, remand is still appropriate under the "forum defendant rule," by which a civil action that is otherwise removeable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Here, Vitti is a resident of Connecticut, where the case was brought. *See Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 103 (D. Conn. 2010) ("For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced."). Vitti's Connecticut citizenship, therefore, bars removal of this case based only on diversity jurisdiction.

Accordingly, Vitti must establish that there is a federal question to have a basis on which to remove.

    b. Federal Question Jurisdiction

Vitti offers numerous theories intended to provide a basis for federal question jurisdiction. *See* Notice of Removal, Doc. No. 1, at 2; Vitti's Reply, Doc. No. 7, at 3. HSBC

argues that this case does not present a federal question. HSBC's Mem. of Law, Doc. No. 6-1, at 8. I agree with HSBC.

Section 1331 declares that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." 211 U.S. 149, 152 (1908). Importantly, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983).

Here, Vitti intends to remove his case by invoking federal defenses, alleging that removal is based on, *inter alia*, "civil rights" and constitutional violations under 42 U.S.C. § 1983, as well as a violation of "a federal order by the cfpb [sic]."[2] Notice of Removal, Doc. No. 1, at 2. But those are federal defenses to a state foreclosure proceeding, and thus they cannot satisfy the well-pleaded complaint rule.

In sum, Vitti has failed to establish that federal question jurisdiction exists. Because procedural defects preclude removal on the basis of diversity jurisdiction and the instant matter does not raise a federal question, this Court lacks subject matter jurisdiction and must remand. 28 U.S.C. § 1447(c).

2. *The Notice is Untimely*

HSBC next argues that this case should be remanded because Vitti's notice of removal is untimely. HSBC's Mem. of law, Doc. No. 6-1, at 9. I agree.

---

[2] Vitti also cites to HSBC's alleged failure to modify Vitti's mortgage under the state Ezequiel Santiago Foreclosure Mediation Program. Because that is not a federal defense, I do not include it here. Vitti's Reply, Doc. No. 7, at 3.

As a general rule, a case originally filed in state court may only be removed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b)(1).

In this case, I take judicial notice of the fact that HSBC's complaint in the state court proceeding dates to January 21, 2014, with service effectuated that same day. *See HSBC Bank USA, Nat'l Ass'n for Opteum Mortg. Acceptance Corp., Asset-Backed Pass-Through Certificates, Series 2005-2 v. Vitti*, Docket No. FST-CV-14-6021383-S (Conn. Super. Ct.)). In other words, over seven years have passed since Vitti received a copy of the initial pleading setting forth the claim for relief upon which the instant action is based.

Accordingly, this removal is untimely.

B. Motion for Costs and Fees

HSBC seeks an award of attorneys' fees and costs incurred as a result of the removal of this action. HSBC's Mem. of Law, Doc. No. 6-1, at 12.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally speaking, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "District courts have considerable discretion and flexibility to fashion awards of costs and fees to deter removals sought for an improper purpose." *Connecticut v. McGraw Hill Companies, Inc.*, No. 3:13-CV-311 (SRU), 2013 WL 1759864, at *5 (D. Conn. Apr. 24, 2013) (citing *Martin*, 546 U.S. at 140). I may impose costs and fees where removal is "untimely and without any legal basis." *See id.*; *Massad v. Greaves*, 554 F. Supp. 2d 163, 167 (D. Conn. 2008).

Here, I decline to exercise my discretion to impose costs and fees. Although Vitti attempts to remove this action over seven years after the statutory deadline and without objectively reasonable bases for seeking removal, he does so as a pro se party "entitled to special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (cleaned up), and without having imposed a substantial burden on HSBC.

## II.     Conclusion

For the foregoing reasons, the motion to remand, Doc. No. 6, is **granted**. The Clerk is directed to close the file and remand the case to Connecticut state court.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of October 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge